### HUBBELL et al. v. ROYAL PASTIME AMUSEMENT CO.

(District Court, S. D. New York. May 26, 1917.)

1. COPYRIGHTS ⬤➡82—INFRINGEMENT—PLEADING.

As a matter of pleading, it may be fairly inferred that, when the composer protects a musical composition with an unlimited copyright notice, he has written the work for the purpose of securing all rights obtainable under the copyright act, including the right publicly to perform it for profit.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 72, 73.]

2. COPYRIGHTS ⬤➡36—RIGHTS ACQUIRED—PERFORMANCE FOR PROFIT.

In Copyright Act March 4, 1909, c. 320, § 1, subd. "e," 35 Stat. 1075 (Comp. St. 1916, § 9517), providing that any person entitled thereto, upon complying with the provisions thereof shall have the exclusive right to perform the copyrighted work publicly for profit, "if it be a musical composition and for the purpose of public performance for profit," a semicolon should precede the words "and for the purpose of public performance for profit"; but even without the semicolon the statute merely protects those who do not in public perform the musical composition for profit, and does not make the benefits acquired by the copyright proprietor dependent upon his purpose or mental attitude when the copyright is obtained.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 37.]

In Equity. Suit by Raymond Hubbell and others against the Royal Pastime Amusement Company. On motion to dismiss. Motion denied.

Nathan Burkan, of New York City, for complainants.
J. Robert Rubin, of New York City, for defendants.

MAYER, District Judge. This is a motion to dismiss the bill on the ground that the facts stated therein are insufficient to constitute a cause of action under the Copyright Act of March 4, 1909, as amended. The sole point urged is that the bill is defective, because it fails to allege that the musical compositions involved were written for the purpose of public performance for profit.

[1] As a mere matter of pleading, I am inclined to think that, when the composer composes his composition with an unlimited copyright notice, it may fairly be inferred that he had written the work for the purpose of securing all the rights attainable under the Copyright Act, including the exclusive right publicly to perform it for profit.

[2] But the controversy goes deeper than a mere matter of pleading, for I am entirely satisfied that a semicolon should precede the words "and for the purpose of public performance for profit." This is borne out by a reading of the committee reports and a reading of the statute. See Tyrrell v. Mayor, 159 N. Y. 239, 53 N. E. 1111, as to the rules of construction where punctuation is involved. If the semicolon is not inserted at the place above indicated, subdivision "e" of section 1 does

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not seem to make sense. Eliminating the semicolon, the most, however, that the section amounts to is a protection in favor of those persons who do not perform publicly for profit the musical composition—as in the case of street parades, school, educational, or similar public occasions and exhibitions.

Putting the matter another way, the contention of defendant is that the person who becomes entitled to the copyright, by complying with the act, must state what was in his mind at the time that he obtained his copyright. I am unable to see any justification for this view, because the purpose or mental attitude of the composer is immaterial. The procedure is that he complies with the act, and as a result of that compliance certain benefits follow by virtue of the statute. The subject could be further and somewhat elaborately developed, but I see no occasion so to do upon this motion, as the point which defendant makes will be preserved, should a trial be had.

Motion denied.